IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States v. Spresim Alimi*
Case No. 3:16-cr-00028-TMB-1

By:                THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:    ORDER FROM CHAMBERS

The matter comes before the Court on the United States' Motion to Find Attorney-Client Privilege Waived (the "Motion").[1] Defendant Spresim Alimi, through counsel, filed an Objection to the Motion and a Request for Protective Order ("Objection").[2] For the reasons discussed below, the Motion is **GRANTED IN PART** and **DENIED IN PART** and Defendant's request for a protective order is **GRANTED**.

On May 17, 2019, Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") asserting, among other things, he received ineffective assistance from his three prior defense counsel in the underlying case.[3] The present Motion by the United States seeks a court finding that Defendant has "waive[d] the attorney-client privilege as to all communications with his alleged ineffective lawyer."[4] Defendant objects to such a broad order.[5] Defendant acknowledges that he waives the attorney-client privilege with respect to conversations with counsel regarding plea negotiations and efforts to withdraw Defendant's guilty plea, which serve as grounds for his ineffective assistance claims.[6] However, contrary to the United States' assertions, Defendant argues that he has not waived the privilege as to *all* conversations with his defense counsel.[7] Defendant contends that he only needs to disclose those conversations with counsel that "address the particular claims of ineffectiveness at issue and that are necessary to give the opposing party a fair opportunity to defend."[8] In addition, Defendant argues that those same conversations should be protected from use or disclosure other than in rebuttal to Defendant's § 2255 Motion.[9]

The Ninth Circuit in *Bittaker v. Woodford* held that the general rule that "a litigant waives the attorney-client privilege by putting the lawyer's performance at issue during the court of litigation" is limited in scope to only "what is needed to litigate the claim of ineffective assistance of counsel

---

[1] Dkt .128 (Motion).
[2] Dkt. 129 (Objection).
[3] Dkt. 118 (Motion to Vacate).
[4] Dkt. 128-1 (Proposed Order) (quoting *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003)).
[5] Dkt. 129 at 1.
[6] *Id.* at 2.
[7] *Id.* at 4.
[8] *Id.*
[9] *Id.* at 6–7.

in federal court."[10] This "narrow waiver rule" allows the adjudication of ineffective assistance of counsel while also safeguarding the attorney-client privilege in criminal cases.[11] The *Bittaker* Court further found the district court appropriately entered a protective order precluding the use of the attorney-client communications at issue for any purpose other than litigating the ineffective assistance of counsel claim.[12]

Under the Ninth Circuit's holding in *Bittaker*, this Court finds that Defendant has waived the attorney-client privilege with respect to communications with his prior defense counsel and only with respect to those communications related to his claims of ineffective assistance regarding plea negotiations and withdrawing the guilty plea. However, the Court finds that Defendant has not waived the attorney-client privilege with respect to any other communications with his prior defense counsel. The United States Motion at Docket 128 is therefore **GRANTED IN PART** and **DENIED IN PART**.

Because Defendant has waived the attorney-client privilege as to certain attorney-client communications, the Court also **GRANTS** Defendant's request at Docket 129 for an order protecting those specific communications. It is **HEREBY ORDERED** that the United States shall not use or disclose those communications or the information within those communications for any reason other than responding to Defendant's § 2255 Motion and the litigation of Defendant's ineffective assistance of counsel claims.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: December 2, 2019.

---

[10] *Bittaker*, 331 F.3d at 719–22.
[11] *Id.* at 722.
[12] *Id.* at 726–28.