## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

*United States v. Spresim Alimi*
Case No. 3:16-cr-00028-TMB

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on the Defendant Spresim Alimi's "Motion for Reconsideration of Denial of Defendant's Motion for Compassionate Release" (the "Motion").[1] Defendant moves pursuant to Local Criminal Rule 47.1(g)(1)(b) and (c) for reconsideration of the Court's Order, which denied Defendant's prior motion for compassionate release.[2] For the reasons discussed below, the Motion is **DENIED**.

On September 10, 2020, the Court denied Defendant's motion for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A)(i).[3] The Court reasoned that, while Defendant's body mass index of 34 is recognized by the Centers for Disease Control and Prevention as a factor that increases the risk of severe illness from COVID-19, he has no other risk factors and there are no indications that his health is not well-managed.[4] Furthermore, the Court found that Defendant had failed to show that a reduction in more than half his sentence would satisfy the 18 U.S.C. § 3553(a) factors or that he would not pose a danger to anyone or the community upon release.[5] Therefore, Defendant failed to establish an extraordinary and compelling basis for compassionate release.[6]

On September 18, 2020, Defendant filed the present Motion.[7] Defendant seeks reconsideration "in light of new developments in the class action lawsuit against FCI Lompoc, where [he] is imprisoned, that were unknown at the time of filing" the original motion for compassionate release.[8] Defendant asserts the new development is that he learned he was not included in a list of medically vulnerable inmates eligible for the class action even though he should be due to his obesity.[9] Defendant now asks this Court to order the Bureau of Prisons to accurately document his weight in his medical records so that he can be considered in the class action lawsuit or, in the alternative, reconsider his motion for compassionate release.[10]

---

[1] Dkt. 157 (Motion).
[2] *Id.* at 1; *see* Dkt. 153 (Order).
[3] Dkt. 153.
[4] *Id.* at 2.
[5] *Id.* at 3.
[6] *Id.* at 3.
[7] Dkt. 157.
[8] *Id.* at 1.
[9] *Id.* at 2–3.
[10] *Id.* at 4–5.

1

Under Local Criminal Rule 47.1(g)(1), a "court will ordinarily deny a motion for reconsideration absent a showing of one of the following: [A] manifest error of the law or fact; [B] discovery of new material facts not previously available; or [C] intervening change in the law."

Here, Defendant moves for reconsideration under subsections [B] and [C] yet raises no new facts or changes in the law.[11] Defendant's Motion is based solely on his obesity, which the Court considered when denying his original motion for compassionate release.[12] The Court's previous denial was not based on Defendant's eligibility for the class action lawsuit against FCI Lompoc and the fact that Defendant is not considered a medically vulnerable inmate in the lawsuit supports the Court's determination that Defendant's health does not constitute extraordinary and compelling circumstances to warrant compassionate release.[13] Defendant has not provided, and the Court has not found, any intervening changes in legal precedent that recognize obesity alone as a reason for release under § 3582(c)(1)(A)(i). Finally, the medical records submitted with respect to Defendant's underlying motion for compassionate release clearly reflect his weight at the time.[14] To the extent Defendant claims that he is not receiving adequate medical attention,[15] that issue is not properly brought in this District or in a motion for reconsideration.[16]

Therefore, Defendant's request for an order by this Court to confirm the accuracy of Defendant's medical records is **DENIED**. Defendant's Motion at Docket 157 is **DENIED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: September 25, 2020.

---

[11] *See* Dkt. 157 at 1.
[12] *See* Dkt. 153 at 2.
[13] *See* Dkt. 157 at 1–2 (Defense counsel confirmed that Defendant was not on the list of medically vulnerable inmates).
[14] *See, for example*, Dkt. 148-1 at 2, 4 (Medical Records).
[15] Dkt. 157 at 4 ("[I]t is inconceivable that medical personnel would treat an obese person for chest pains and *not* weigh them.") (emphasis in original).
[16] Allegations going to the conditions of confinement are properly brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) or through a petition for writ of habeas corpus brought before the custodial court under 28 U.S.C. § 2241.