## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

*United States of America v. Spresim Alimi*
Case No. 3:16-cr-00028-TMB

By: THE HONORABLE TIMOTHY M. BURGESS

<u>PROCEEDINGS</u>: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Spresim Alimi's Motion to Reduce Sentence[1] and Joint Motion for Sentence Reduction Under U.S.S.G. Amendment 821, U.S.S.G. § 1B1.10, & 18 U.S.C. § 3582(c)(2) (collectively, the "Motion").[2] Alimi asserts that he is eligible for a sentence reduction pursuant to amended U.S.S.G. § 4A1.1(e).[3] The Government joins in Alimi's Motion.[4] For the following reasons, the Court **GRANTS** the Motion.

### A. Background

On July 7, 2016, the Court accepted Alimi's guilty plea to Count 1, Possession with Intent to Distribute Oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and admission to Count 2, a criminal forfeiture allegation, in violation of 21 U.S.C. §§ 853(a)(1) and (a)(2).[5] On January 8, 2018, the Court sentenced Alimi to a term of 136 months' imprisonment, followed by 3 years of supervised release.[6]

On November 2, 2023, Alimi filed a motion for sentence reduction "pursuant to the retroactive [a]pplication of [U.S.S.G.] [a]mendments 782, 821" and "based on a [g]uideline [s]entencing range that [s]ubsequently has been lowered and [m]ade [r]etroactive by the United States Sentencing Commission."[7] On February 5, 2024, after being appointed counsel, Alimi filed a joint motion to reduce sentence under U.S.S.G. Amendment 821, U.S.S.G. § 1B1.10, and 18 U.S.C. § 3582(c)(2).[8]

In the Motion, Alimi argues he is "eligible for a [sentence] reduction under amended U.S.S.G. § 4A1.1(e), which retroactively reduces the number of criminal history points assessed for being under supervision at the time of the offense."[9] He asserts he is eligible for a two-point reduction in his criminal history points and a one-level reduction in his criminal history category, resulting in an adjusted guideline range of 135–168 months.[10] Alimi alleges that the parties have "each

---

[1] Dkt. 187 (Motion for Sentence Reduction).
[2] Dkt. 189 (Joint Motion for Sentence Reduction).
[3] *Id.* at 1.
[4] *Id.* at 1–2.
[5] Dkt. 28 (Minute Entry).
[6] Dkt. 95 (Judgment) at 2–3.
[7] Dkt. 187 at 1. Concurrently with this motion, Alimi also filed a motion to appoint counsel. *See* Dkt. 188.
[8] Dkt. 189 at 1.
[9] *Id.*
[10] *Id.* at 2.

1

reviewed the judgment, statement of reasons, and presentence report in this case, and agree to the . . . amended guideline calculations."[11] The Parties thus "jointly request that this Court reduce [Alimi's] sentence from 136 to 135 months" accordingly.[12] Alimi argues this sentence "is within the amended guideline range, reflects the same relationship to the guideline range as the original sentence, and is consistent with the § 3553(a) factors."[13]

### B. Legal Standard

United States Sentencing Guideline § 4A1.1(e) (added pursuant to Amendment 821, Parts A and B, subpart 1) reduced the points added to a defendant's criminal history category from two points to one point "if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instance offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."[14]

Under U.S.S.G. § 1B1.10, "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) [including Amendment 821, parts A and B, subpart 1], the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)."[15] 18 U.S.C. § 3582(c)(2) allows a court to reduce a term of imprisonment for "a defendant whose term of imprisonment has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The U.S. Sentencing Commission has recommended retroactive application of Parts A and B, subpart 1, of Amendment 821.[16] Under Miscellaneous General Order ("MGO") No. 23-07, "[t]he assigned judge may summarily grant the joint motion. . . . If a motion for reduction is granted, the judge will enter a new judgment and commitment order in that case using form AO 247 and indicating the effective date of the order as February 1, 2024, if that date is later than the date of the entry of the order."[17]

### C. Discussion

After review of the Motion, the Court concludes that Alimi qualifies for the requested one-month sentence reduction pursuant to U.S.S.G. § 4A1.1(e). Further, the Court concludes that the 18 U.S.C. § 3553(a) sentencing factors weigh in favor of Alimi's early release and that release is consistent with U.S.S.G. policy.

---

[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] U.S.S.G. § 4A1.1(e).
[15] U.S.S.G. §§ 1B1.10(a)(1), (d).
[16] *See* U.S.S.G. App. C., amend. No. 825; U.S.S.G. § 1B1.10, p.s. (effective Nov. 1, 2023 and operative Feb. 1, 2024); Miscellaneous General Order No. 23-07, District Protocol for Processing Applications Under Guidelines Amendment 821 at 1.
[17] MGO No. 23-07 at 5.

2

1. <u>Alimi qualifies for a one-month sentence reduction under U.S.S.G. § 4A1.1(e).</u>

The Court originally sentenced Alimi to 136 months of imprisonment followed by 3 years of supervised release, based on a guideline range of 151–188 months' imprisonment.[18] At sentencing, Alimi's past criminal convictions resulted in a subtotal of 5 criminal history points.[19] As he committed the instant offense while under a criminal justice sentence for pending state cases, two points were added to his criminal history under U.S.S.G. § 4A1.1(d) for a total of 7 criminal history points, resulting in a criminal history category of IV.[20]

However, under newly adopted U.S.S.G. § 4A1.1(e), only one point is added if the defendant commits any part of the instant offense while under any criminal justice sentence.[21] Here, retroactive application of this sentencing guideline results in a total of 6 criminal history points and a criminal history category of III, and a resulting guideline range of 135–168 months' imprisonment. Thus, Alimi now qualifies for a one-month reduction of his 136 months' imprisonment term under U.S.S.G. § 4A1.1(e), resulting in a possible term of 135 months' imprisonment.

2. <u>The § 3553(a) factors favor a one-month sentence reduction.</u>

The Court also finds the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of sentence reduction in this case. The Court observes that it originally sentenced Alimi to a below-guidelines sentence of 136 months.[22] Further, the Court finds that this amended sentence "is within the amended guideline range, reflects the same relationship to the guideline range as the original sentence, and is consistent with the § 3553(a) factors."[23] Noting the parties' agreement on the proposed sentence reduction, the Court is convinced that this sentence will satisfy the goals of sentencing in this case.[24] Thus, the Court grants Alimi's request for a one-month sentence reduction, resulting in an amended sentence of 135 months of imprisonment, followed by 3 years of supervised release.

Accordingly, and for the reasons discussed above, the Motion at Dockets 187 and 189 is **GRANTED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: March 28, 2024.

---

[18] Dkt. 95 at 2–3; *see* Dkt. 96 (Sealed Statement of Reasons) at 1.
[19] Dkt. 76 (Sealed Revised Final Presentence Report) at 17.
[20] *Id.*
[21] U.S.S.G. § 4A1.1(e).
[22] *See* Dkt. 95 at 2.
[23] Dkt. 189 at 2.
[24] *Id.* at 1–2.